Lashawn D. Fitch
#893022/SBI#423116d
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625
**Presently Confined**
**Pro se**,

R E C E I V E D

DEC 0 9 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LASHAWN D. FITCH<br>        Plaintiff,<br><br>   v.<br><br>JOEL BERNHARD,Dentist, individually<br>and his official capacity;JEFFERY<br>HIRSHBERG,individually and his offical<br>capacity; CAROL MILROY, individually<br>and his official capacity;SAMUAL LOPEZ,<br>individually and official capacity;<br>HAROLD MAPES,individually and official<br>capacity;S. AKERS, officer, individually<br>and his official capacity;MARCUS O.HICKS<br>,ESQ.,Acting Comissioner of The New<br>Jersey Department of Corections;NEW<br>JERSEY DEPARTMENT OF CORRECTIONS;NEW<br>JERSEY STATE PRISON,<br>        Defendants | Civil Action No.<br><br>**VERIFIED COMPLAINT**<br><br>Judge<br>Magistrate Judge |

### JURY TRIAL DEMANDED
### COMPLAINT FOR MONEY DAMAGES

Plaintiff Lashawn D. Fitch ("Plaintiff"), by and through pro se

filings, asserts this action against Defendants S. Akers, Marcus

O. Hicks, Esq., The New Jersey Department Of Corrections

("NJDOC"), The New Jersey State Prison ("NJSP"), Dr.Joel

Bernhard, Dentist employed by the New Jersey State Prison

("NJSP"), Jeffery Hirshberg, (DDS), Carol Milroy, (RN), Samual

Lopez, (DMD) (collectively "Defendants") for violations of the Eighth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

1. The causes of action that form the basis of this matter arise under the United States Constitution and the New Jersey Constitution.

2. The Plaintiff brings this lawsuit pursuant to 42 U.S.C. 1983. This court has jurisdiction under 28 U.S.C.§§ 1331 and 1343(a)(4)

3. Venue is proper in this Court Under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and the harm that the Plaintiff has suffered and will continue to suffer is a result of defendants unlawful actions occurred in this district.

4. Before bringing suit against Defendants, Plaintiff exhausted his administrative remedies, even though defendants failed to give proper response to the grievances, thus complying with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

5. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## **PARTIES**

6. At all times mentioned herein, Plaintiff was in the custody of the NJDOC, and confined at NJSP.


7. At all times mentioned herein, Defendants S. Akers were residents of the State of New Jersey employed by NJDOC who were assigned to perform job-related duties in answering electronic grievances via ("Jay Pay") Kiosk machine, and was personally involved in the misconduct alleged herein.


8. At all times mentioned herein, Defendants Dr. Bernhard were residents of the State of New Jersey employed by NJDOC who were assigned as the dentist and performed dental work personally involved in the misconduct alleged herein.


9. At all times mentioned herein, defendants Harold ,Mapes, (DDS) Jeffery Hirshberg, (DDS); Carol Milroy,(RN); Samual Lopez, (DMD) ("defendants collectively") were residents of the State of New Jersey employed by NJDOC who were assigned as the dentists and performed duties  and employed by New Jersey State Prison ("NJSP"), New Jersey Department Of Corrections ("NJDOC"), who was personally involved in the misconduct alleged herein.

10. At all times mentioned herein, defendant Marcus Hicks was a resident of The State of New Jersey Department of Corrections

11. Defendant NJDOC is an entity existing under the laws of the State of New Jersey, with an office for the acceptance of services at P.O. Box 863, Whittlesey road, Trenton, New Jersey 08625.

12. Defendant NJSP is an entity existing under the laws of the State of New Jersey operating in the County of Mercer, with an office for acceptance of services at Third & Federal Streets, P.O. Box 861, Trenton, New Jersey 08625

13. At all times mentioned herein, Defendants were required to follow and honor Federal laws, including the Eighth Amendment to the United States Constitution.

14. At all times mentioned herein, Defendants were required to follow and honor state laws, including Article I, Paragraph 12, of the New Jersey Constitution.

15. Plaintiff sues defendants severally and jointly for acts committed in their individual and official capacities.

## FACTUAL BACKGROUND

### A. PLAINTIFFS FRACTURED TOOTH

16. Plaintiff arrived to New Jersey State Prison on July 27, 2014 from Monmouth County Correctional Institute ("MCCI").

17. On September 5, 2014 plaintiff went to dental and was seen by Harold Mapes, (DDS) for a "biennial recall".

19. During the time of the office visit, Mr. Mapes did a oral exam on plaintiff and notice  that plaintiff had a fractured front tooth.

20. Plaintiff asked at this time, could defendant Mapes repair his fractured tooth. Plaintiff was told that his only options were extraction of the tooth.  Plaintiff was denied in his request for the tooth to be fixed. Plaintiffs request to have fractured tooth capped or crowned was also denied.

21. Plaintiff refused the extraction advancement made by defendant. Plaintiff informed defendant Mapes that the tooth is sensitive to "hot" and "cold" beverages.

22. On May 26, 2016 plaintiff went to dental for a "Biennial exam". The care provider on this dental visit was defendant Jefferey Hirshberg, (DDS). During this time plaintiff was subjected to examination with "radiograph", which showed the fracture in tooth#9 (front tooth in dispute). During this visit plaintiff asked defendant Jeffery Hirshberg could defendant cover the fractured tooth because the nerves behind the fracture tooth are exposed causing discomfort and sensitivity. The request was denied.

23. Plaintiff returned to dental on June 24, 2016 and was examined by Richard Mann,(DMD) where plaintiff was treated for another tooth not the one in dispute.

## B. MULTIPLE TOOTH ABSCESS

24. In January of 2018 plaintiff started to feel  pain in his front fractured tooth, in which he scheduled to see the dentist. On January 11, 2018. With no fault of the plaintiff-- Plaintiff visit was rescheduled. January 17, 2018 Plaintiff was rescheduled  for a "DOC" issue.

25. November 24, 2018 Plaintiff complained in a electronic grievance via "Jay Pay" kiosk about getting fractured tooth

fixed. Plaintiff also requested being sent to "specialist" for root canal procedure and to fix tooth. Defendant S.Akers replied "we don't send patients out for root canal --it really isn't that serious." November 28, 2018 plaintiff went to dental and complained of severe pain coming from the fractured front tooth. Plaintiff was seen by defendant Dr. Bernhard. From January through November of 2018 when plaintiff was rescheduled, plaintiff was in pain.

26. Plaintiff informed defendant that he could not eat, sleep or do any activities without his mouth bothering the Plaintiff.

27. Oral examination was done and Dr. Bernhard told plaintiff that the "pulp" (nerves) of the fractured front tooth was exposed. Defendant informed plaintiff that tooth was restorable with root canal.

28. Defendant was given "Amoxicillin" and "Motrin". December 26, 2018 and December 29, 2018 plaintiff visit to dental was rescheduled because plaintiff was late. Plaintiff was in severe pain from what plaintiff believed to be an "abscess" infection in the fractured tooth.

29. Plaintiff wrote a grievance via "kiosk" machine on March 10, 2019 that plaintiff "was in pain due to an old abscess not being treated properly.

30. Plaintiff was in pain up until the time he refused root canal on March 20, 2019. Plaintiff expressed he was in severe pain. He continued with the Amoxicillin. Plaintiff was also advised by Defendant Bernhard that the root canal procedure could not be performed until the abscess was treated. Plaintiff was rescheduled.

31. Plaintiff again started to feel pain in the front fractured tooth in July of 2019. On July 3, 2019 via a "emergency pass" plaintiff went down to the clinic because of the pain was experiencing for 2x days.

32. At which time he was seen by Keisha Scott, RN,BSN at medical. Plaintiff explained to Kiesha Scott that he had a hard time eating and sleeping because of the pain. The clinic informed dental and Plaintiff was told he would be scheduled to see them in the future. Plaintiff was prescribed "Ibuprofen" for the pain.

33. Plaintiff was finally seen by dental after two days of excruciating pain which caused swelling. Plaintiff was seen by Defendant Dr. Bernhard on July 5, 2019. Defendant explained the

pain was due to infections in the fractured tooth. Plaintiff was informed that these infections were occurring because of the "pulp" exposure of the fractured tooth. Defendant also stated for the first time that the infection "was eating away at the bone in the tooth." Plaintiff was given a 10 day supply of "Amoxicillin" and "Motrin". Defendant Bernhard noted "swelling" in the area plaintiff was experiencing pain.

34.   January 31, 2020 plaintiff again went to dental complaining about pain in the fractured tooth. Expressed sensitivity to "hot" and "cold" beverages. As well as opening his mouth hurt the plaintiff. Defendant acknowledged that patient was to have "root canal" summer of 2019.  Which did not take place.

35. February 19, 2020 plaintiff went to dental for a root canal performed by Dr. Bernhard and "unknown" assistant helping defendant Bernhard on the root canal.

36.   The root canal was not completed on said date. A temporary filing ("FMC pellet w/cavit") was placed into the hole in  back of the tooth and plaintiff was scheduled to return at a later date to finish the root canal.

37.   February  20,  2020  plaintiff  informed  the  dental department via "kiosk" machine that Plaintiff woke up in pain from the root canal procedure.

38. Officer S.Akers replied that "I am going to send a pass for you. I want you seen before the weekend. On February 21, 2020 Dental claimed to send a pass for plaintiff from his unit (6-right). Defendant claims plaintiff never arrived. Defendant also noted  that  "potential  sequela"  procedure  and  "periacipical inflammation" from fractured tooth.

39. Plaintiff was in severe pain all weekend. He was not seen by any dentists or medical assistance after complaining about his pain. A "bubble" formed over the gum of were the root canal was performed and were the abscess had formed multiple times.

40. On the night of February 22, 2020 plaintiff felt  warm "fluids" inside of his mouth as he tried to sleep. Plaintiff contends he looked into a mirror in his cell and observed that his mouth was filling with "puss". The bubble that formed on his gum line burst. Plaintiff  was in serious pain and needed serious dental emergence.

41. February 23, 2020 Plaintiff informed dental via "kiosk" machine that "puss was emanating from the swollen part of my gums."

42. Plaintiff was seen by the dentist on February 24,2020 by Defendant Samual Lopez, DMD. were they took "radiograph" of the mouth and the tooth. Plaintiff was prescribed "Amoxicillin" and "Motrin".

43. Plaintiff was seen once more on March 4, 2020 for "final instrumentation". Defendant Bernhard drilled into plaintiffs tooth to see if there were still signs of infection. Plaintiff was given a temporary filing to close the hole in plaintiffs tooth and was advised to continue to take the "Motrin" and "Amoxicillin" as needed.

44. As of March 13, 2020 as of executive order by Governor Phil Murphy the state of New Jersey went into lock down due to Covid-19 pandemic

45. Due to the pandemic plaintiff was unable to get serious medical attention. There were no dentist in the building and there were no procedures being done in the prison.

46. Plaintiff was not seen by dental again until October 28, 2020 where plaintiff informed defendant Bernhard of the pain he was experiencing during the seven months that the prison was on lock-down.

47. During said date defendant Bernhard went into the tooth to attempt to clean the tooth. He was smelling the drills that went into the tooth to see any signs of infections. The plaintiff was given "Amoxicillin" and "Motrin" for the pain.

48. On November 11, 2020 plaintiff returned to dental were his hole inside his tooth was sealed. During this time the defendant Jane doe apologized for the extreme delay in handling plaintiffs serious medical need. On said date Dr. Bernhard informed plaintiff that a root canal can be successful or they can fail. On this date Defendant Bernhard informed plaintiff again that the front tooth is completely dead.

## C. AFTERMATH

49. Defendants failed to provide serious medical care for the fractured tooth. Plaintiff was forced to continue living in the prison with his "pulp" in the fractured tooth exposed, which caused multiple infections namely Abscess.

50. Plaintiff was forced to eat with his back teeth causing damage to his back tooth on his left side.

51. Defendants Bernhard, Lopez, Hirshberg had every opportunity to get the fractured tooth fixed either by "filling" or "capping" the tooth by plaintiff's request. With the tooth capped it would have been less susceptible to infections and would have given plaintiff the opportunity to eat and drink properly.

52. Defendants failure to treat caused front tooth to be infected by way of "Abscess" on four occasions, causing severe pain for plaintiff between 2018-2020.

53. According to defendant Bernhard, the infections ate away at the bone in the tooth causing irreparable harm. Defendant Bernhard admits that the root canal was to be done the summer of 2019.

54. Defendants delayed the root canal caused fractured tooth to be reinfected, causing the tooth to completely die.

55. Plaintiff was in excruciating pain for two days with no treatment, were a puss bubble emerged, causing puss to formulate inside of the plaintiffs mouth.

56. The Puss (poison) could have been fatal to plaintiff, had it made its way through the bloodstream. This suffering lasted from February 20, 2020 to February 23, 2020 when plaintiff was actually seen by the defendant Bernhard.

57. Plaintiff will continue to suffer due to the fact that the tooth is now dead and the future will cause the tooth to "rot out," causing extraction.

58. The harm is irreparable.

## D. Plaintiff's Internal Filings and Notices to Defendants.

59. Before bringing the suit against Defendants, Plaintiff filed many inquiries and grievances pertaining to the fractured tooth.

60. In addition plaintiff made many appointments to the dental department inside the Prison.

61. Plaintiff's complaints began in 2018, and all complaints were made electronically through jay pay "kiosk" machine.

62. The dates of the inquiries and grievances are and not limited to:

    a) **November 24, 2018** - Plaintiff complained of fractured tooth and requested the tooth fixed;

    b) **November 28, 2018** - requested to be sent to specialist to handle his fractured tooth adequately;

    c) **July 1, 2019** - complained of abscess mouth and need to be seen;

    d) **January 21, 2020** - complained of abscess bothering plaintiff;

    e) **February 20, 2020** - complained of pain in fractured tooth;

    f) **February 23, 2020** - complained of swelling in the "gum line" were puss was emanating from the gum line;

    g) **May 12, 2020** - complained of root canal;

    h) **June 8, 2020** - complained of pain in fractured tooth.

63. Before bringing suit against Defendants, Plaintiff exhausted his administrative remedies. Plaintiff's administrative exhaustion includes, but is not limited to, his filing of an inquiry, grievance, and appeal pursuant to designated NJDOC and NJSP procedures.

64. October 22, 2020 Plaintiff filed a grievance electronically via "Jay Pay" kiosk machine. The grievance was how dental failed to treat a serious dental need. Dating back to

2018. Plaintiff grievance was cut short due to the fact that the electronic grievance only allows ("141") Characters.

65. Defendant Officer S. Akers responded to the grievance on October, 22, 2020 stating that the prison was closed for several months due to Covid-19.

66. Plaintiff files appeal of grievance on October 23, 2020 expressing the fact that his serious dental needs stemmed back as far as 2018. The pandemic lay-off is no excuse for the failure of dental to treat a serious medical need. Where they had since 2018 to treat Plaintiff.

67. Plaintiff then sent his appeal to its final destination. Plaintiff filed appeal to defendant Marcus O. Hicks ("Commissioner") at Whittsely road, P.O. Box 863 Trenton, New Jersey 08625.

68. To this date plaintiff is still waiting for a response of the appeal. Defendant Marcus O. Hicks is the last line of hope when it comes to grievances in New Jersey State Prison. The grievance informed defendant of the failure of Dental to handle a serious dental need which caused plaintiff to suffer tooth infections until the fractured tooth died.

69. I have also filed a ("M-22") for a request of medical (dental) documentation with the New Jersey State Prison. On November 18, 2020 at 8:15 a.m. plaintiff was given his dental records.

### FIRST CAUSE OF ACTION

**Deliberate Indifference to Plaintiff's Serious Dental needs in Violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 (against Defendants Harold Mapes and Jeffery Hirshberg et. al. )**

70. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

71. By the actions described above, among others, Defendants Harold Mapes and Jefferey Hirshberg, et. al. were deliberately indifferent to Plaintiff's serious and obvious dental needs, thereby violating Plaintiff's right against the infliction of cruel and unusual punishment as guaranteed by the Eighth Amendment to The Untied States Constitution.

72. As a direct and proximate result of Defendant's Harold Mapes, Jefferey Hirshberg et. al. unlawful conduct, Plaintiff has suffered and continues to suffer harm for which he is entitled to monetary damages and other relief, when defendants failed to

cover (fill) plaintiffs fractured tooth to insure there would be
no infections and so plaintiff could eat properly.


## SECOND CAUSE OF ACTION

**Deliberate Indifference to Plaintiff's
Serious Medical needs in Violation of the
Eighth Amendment to the United States
Constitution and 42 U.S.C. § 1983 (against
Defendant's Joel Bernhard, Samual Lopez
Carol Milroy, Officer S.Akers, Marcus Hicks,
NJDOC, NJSP et. al.)**


73. Plaintiff hereby repeats and realleges the preceding
paragraphs as though they were fully set forth herein.


74. By the actions described above, among others, Defendants
Bernhard, Jeffery Hirshberg, Carol Milroy, Samual Lopez, Officer
S.Akers, Marcus O. Hicks ("Commissioner"), New Jresey Department
Of Corrections ("N.J.D.O.C"), and The New Jersey State Prison
("NJSP") delayed Plaintiff urgent dental attention, despite
plaintiff informing dental of tooth problems electronically. The
excruciating pain suffered by the plaintiff, and the fact that
his root canal was held off for two years causing the tooth to
degenerate; finally dying. Plaintiff verbalized serious dental
symptoms i.e. multiple infections in the tooth (Abscess); despite
plaintiff asking defendants Samual Lopez, Joel Bernhard to fix

(fill) the fractured tooth prior to  getting the infections. All
of which is in violation of the Eight Amendment to United States
Constitution


75. Plaintiff suffered pain in fractured tooth on multiple
occasions from January of 2018 to February of 2020. During which
time defendants were deliberately indifferent to plaintiff
needing the root canal at earliest convience to stop the
infections; which stemmed from not closing the "pulp" (nerves)
which was exposed.


76. Defendant acted with deliberate indifference when
defendants Joel  Bernhard, Jeffery Hirshberg, Samual Lopez did
not cover the exposed "pulp" (nerves) in fractured tooth to
prevent reoccurring infections.


77. As a direct and proximate result of Defendants Dr.
Bernhard, Jeffery Hirshberg, Carol Milroy, Samual Lopez ,Officer
S.Akers unlawful conduct, Plaintiff has suffered and continues to
suffer harm for which he is entitled to monetary damages and
other relief.


78. Defendant Marcus O. Hicks failed to respond to
plaintiffs final exhaustion of appeal filed by plaintiff.
Plaintiff did finally receive root canal in March of 2020;which

was not finished until November 11, 2020. The procedure was to late to save the fractured tooth. Prior to the root canal plaintiff was subjected to cruel and unusual punishment with multiple Abscess infections from 2018 to 2020. On a few occasions plaintiff waited in excruciating pain for days on end until he was seen by dental.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, s follows:

a) declaring the acts and practices complained of herein to be in violation of the United States Constitution;

b) declaring the acts and practices complained of herein to be in violation of the New Jersey Constitution;

c) entering judgment against defendants and in favor of Plaintiff in an amount to be determined;

d) enjoining and restraining defendants and their successors from committing future unconstitutional acts;

e) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

f) awarding consequential damages to Plaintiff;

g) awarding punitive damages to plaintiff;

h) awarding costs and attorney's fees;

i) awarding plaintiff such other damages as are appropriate under the United States Constitution and the New Jersey State Constitution; and

j) granting such other and further relief as the Court deems appropriate.

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's causes of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoilation of evidence and/or for appropriate adverse inferences.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

## NOTICE OF OTHER ACTIONS

Pursuant to L.Civ R. 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other action or proceeding in any court or of a pending arbitration proceeding.

## CERTIFICATION OF NON-ARBITRABILITY

Pursuant to L.Civ. R. 210.1, the undersigned hereby certifies that this action is based on an alleged violation of a right secured by the Constitution of The United States, and thus not eligible for arbitration.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby requests designated counsel for the suit.

## VERIFICATION

I, Lashawn Fitch, pursuant to Titile 28 U.S.C. Section 1746,

**verifies** under penalty or perjury that the following is true

and correct:

That he is the plaintiff for this litigation; that he has read

the above-mentioned complaint and knows the contents by official

government documents, official sources, first hand experience,

and based upon information and belief, the allegations contained

in this complaint, as they relate to those issues within his

knowledge are true.

EXECUTED ON THIS 25TH DAY OF NOVEMBER, 2020.

Respectfully Submitted,

Lashawn Fitch pro se
Plaintiff

**Lashawn Fitch**
**#893022/SBI#423116d**
**N.J.S.P.**
**P.O. Box 861**
**Trenton, New Jersey**
**08625**
**Presently Confined**