<u>NOT FOR PUBLICATION</u>
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWSHAWN D. FITCH,        : | |
| : | Civil Action No. 20-cv-18570 (BRM) (JSA) |
| Plaintiff,    : | |
| : | |
| v.        : | **OPINION** |
| : | |
| JOEL BERNHARD, et al.,  : | |
| : | |
| Defendants.  : | |
| : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants Dr. Joel Bernhard ("Bernard"), and Dr. Samuel Lopez ("Lopez") (collectively, "Defendants") seeking to dismiss Plaintiff Lashawn Fitch's ("Plaintiff") claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 54.) Plaintiff filed his Opposition to Defendants' Motion (ECF No. 55) and Defendants filed a reply (ECF No. 56). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion to Dismiss is **GRANTED in part and DENIED in part**.

### I.   BACKGROUND[1]

Plaintiff filed his initial *pro se* complaint in December 2020. (*See* ECF No. 1.) On June 9, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B) and proceeded on

---

[1] For the purposes of this Motion to Dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiff's Eighth Amendment failure to provide medical treatment claim against Defendants Bernhard, Jeffery Hirshberg ("Hirshberg"), Lopez, and Harold Mapes ("Mapes"). (ECF No. 12.) The Court dismissed Plaintiff's claims against New Jersey Department of Corrections and New Jersey State Prison with prejudice, and Plaintiff's claims against Defendants Marcus Hicks, Carol Milroy and Sharon Akers ("Akers") without prejudice. (*See id.*)

In November 2021, Plaintiff filed a motion to amend his Complaint, primarily adding facts regarding Defendant Akers. (*See* ECF No. 38.) Plaintiff also sought to amend the Complaint to add Carol Milroy as a defendant. (*See id.*) On May 3, 2022, the Honorable Jessica S. Allen, U.S.M.J. granted Plaintiff's motion to amend to add Defendant Akers as a defendant, denied the motion to the extent Plaintiff sought to add Carol Milroy as a defendant, and ordered Plaintiff to file an Amended Complaint consistent with the Court's order. (ECF No. 46.)

On July 19, 2022, Plaintiff filed the operative Amended Complaint.[2] (ECF No. 51.) The Amended Complaint again raises an Eighth Amendment failure to provide adequate medical treatment claim in violation of 42 U.S.C. § 1983 against Defendants Bernard, Lopez, Hirshberg, Mapes, and Akers. (*See id.*)

Plaintiff alleges that in September 2014, he was seen for a dental visit and Defendant Mapes informed Plaintiff that he had a fractured front tooth. (ECF No. 41 ¶¶ 14-15.) Defendant Mapes informed Plaintiff that his only option was extraction of the tooth and denied Plaintiff's request for the tooth to be "capped/crowned." (*Id.* ¶ 16.) Plaintiff refused the tooth extraction. (*Id.* ¶ 17.)

---

[2] This Opinion relies on the facts and allegations set forth in the Second Amended Complaint. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (citations omitted).

In May 2016, Defendant Hirshberg performed a "radiograph" on Plaintiff which again showed the fracture in Plaintiff's front tooth. (*Id.* ¶ 18.)

In January 2018, Plaintiff began to feel discomfort in the fractured tooth. On January 11, 2018, Plaintiff's dental visit was rescheduled "with no fault of [] [P]laintiff." (*Id.* ¶ 20.) Ten months later, on November 24, 2018, Plaintiff submitted an injury form, stating he was "inquiring about getting [his] front cracked tooth fixed." (*Id.* ¶ 21.) On November 26, 2018, Defendant Aker responded "this is considered a sick call since you have previously refused treatment in the past. I will get you scheduled to take a look at the tooth and we will go from there." (*Id.*)

On November 28, 2018, Plaintiff went to the dentist and complained of "severe pain" coming from the fractured tooth. (*Id.*) Plaintiff was seen by Defendant Bernhard, who performed an oral examination and informed Plaintiff "that the 'pulp' (nerves) of the fractured front tooth were exposed . . . [and the] tooth was restorable with [a] root can[]al." (*Id.* ¶ 23.) Defendant Bernhard prescribed Plaintiff amoxicillin and Motrin. (*Id.* ¶ 24.) That same day, Plaintiff filed another inquiry stating, "today I was advised by the dentist that I have to get a root canal for my front tooth, there is a[n] abscess in the early stages. I ask to be sent out to a p[r]eferred specialist for this serious oral surgery. I have been on antibiotics but I still ask to be sent to an outside dentist for the surgery." (*Id.* ¶ 25.) Defendant Aker responded "I am sorry but we don't send out patients to have root canals. It can be done at chairside. It really isn't that serious. We do them routinely when needed. The antibiotic will help the abscess[,] you will be fine." (*Id.*)

Approximately four months later, on March 10, 2019, Plaintiff filed a grievance that he was in pain due to an old abscess not being treated properly. (*Id.* ¶ 26.) Plaintiff submits he "was in pain up until the time he refused a root canal on March 20, 2019." (*Id.* ¶ 27.) Plaintiff alleges he

continued taking amoxicillin and that on March 20, 2019, Defendant Bernhard advised Plaintiff that the root canal could not be performed until the abscess was treated. (*Id.*)

Plaintiff again felt pain four months later, on July 3, 2019, and went to the clinic. (*Id.* ¶ 28.) Plaintiff was given ibuprofen and was told he would be scheduled to see dental. (*Id.* ¶ 29.) On July 5, 2019, Plaintiff was seen by Defendant Bernhard after "two days of excruciating pain which caused swelling." (*Id.* ¶ 30.) Defendant Bernhard informed Plaintiff the pain was caused by infections, which were occurring because of the "pulp (nerve) exposure" and that the infection was "eating away at the bone in the tooth." (*Id.*) Plaintiff was prescribed a 10-day supply of amoxicillin. (*Id.*) Defendant Akers was present at the appointment. (*Id.*)

On January 31, 2020, Plaintiff went to the dentist again, complaining of pain in the fractured tooth. (*Id.* ¶ 31.) He alleges Defendant Akers acknowledged Plaintiff was to have a root canal in the summer of 2019 but did not provide an explanation as to why it did not occur. (*Id.*)

On February 19, 2020, Plaintiff went to the dentist for a root canal, which was to be performed by Defendant Bernhard. (*Id.* ¶ 32.) The root canal was not completed, and a temporary filling was placed in the hole. (*Id.* ¶ 33.) Plaintiff was scheduled to return to finish the root canal. (*Id.*) On February 20, 2020, Plaintiff informed the dental department that he had awoken in pain. Defendant Aker replied that she was "going to send a pass" for Plaintiff, and that she "want[ed] [Plaintiff] seen before the weekend." (*Id.* ¶ 35.) Plaintiff was not seen over the weekend, was in severe pain, and developed a "bubble" on his gumline, which filled his mouth with "puss." (*Id.* ¶¶ 36-37.) On February 24, 2020, Defendant Lopez performed a radiograph of Plaintiff's mouth and prescribed amoxicillin and Motrin. (*Id.* ¶ 39.)

On March 4, 2020, Defendant Bernhard drilled Plaintiff's tooth, placed a temporary filling, and advised Plaintiff to take the Motrin and amoxicillin. (*Id.* ¶ 40.) On March 13, 2020, the State

of New Jersey went "into lock down due to the COVID-19 pandemic." (*Id.* ¶ 41.) Due to the pandemic, Plaintiff was not seen by the dentist until October 28, 2020, where he informed Defendant Bernhard of the pain he was experiencing during the seven months of lockdown. (*Id.* ¶ 43.) Defendant Bernhard attempted to clean out the tooth and again prescribed amoxicillin and Motrin. (*Id.* ¶ 44.) On November 11, 2020, the hole in Plaintiff's tooth was sealed and Defendant Bernhard informed Plaintiff that the front tooth was "completely dead." (*Id.* ¶ 45.)

Plaintiff alleges he was subjected to cruel and unusual punishment by delayed treatment of a root canal and abscess pain in violation of the Eighth Amendment of the United States Constitution. (*Id.* ¶ 71.)

On August 16, 2022, Defendants Bernhard and Lopez filed a Motion to Dismiss. (ECF No. 54.) Defendants argue Plaintiff fails to allege facts sufficient to state claim upon which relief can be granted under the Eighth Amendment against them. (*See* ECF No. 54-1.)

## II.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Alleghany*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations. *Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the

factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculation level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 560 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a "probability requirement."" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* at 679. (quoting Fed. R. Civ. P. 8(a)(2)). The pleadings of *pro se* plaintiffs are liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must alleged sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.  DECISION

Defendants Bernhard and Lopez argue that Plaintiff's Eighth Amendment failure to provide adequate medical treatment claim should be dismissed for failure to state a claim upon

which relief can be granted. (*See* ECF No. 54-1.) Defendants argue Plaintiff fails to allege he suffered a serious medical need. (*Id.* at 6-7.) Defendants further contend Plaintiff fails to allege facts to show they were deliberately indifferent to Plaintiff's medical condition. (*Id.* at 7-9.) Plaintiff alleges his constitutional rights have been violated by Defendants' delay in providing him with a root canal and their failure to cover his exposed nerve until a root canal could be performed. (ECF No. 55.) Plaintiff alleges he experienced severe pain and that Defendants were aware of the delay in his treatment, which caused multiple infections. (*Id.*)

The Eighth Amendment prohibits states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate his medical needs are serious. Serious medical needs include those that have been diagnosed by a physician as requiring treatment or are so obvious a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to show prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). A plaintiff alleges deliberate

indifference "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment. Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotations and citations omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.2d at 110.

Here, Plaintiff alleges he had a serious medical need; specifically, that he suffered from severe tooth pain, an exposed nerve in a fractured tooth, and multiple infections, all of which were diagnosed by prison dentists as requiring treatment. Additionally, Plaintiff alleges the Defendants' delay in performing a root canal caused his tooth to be "completely dead." The Court finds Plaintiff has alleged sufficient facts to show a serious medical need as required by the first prong of the *Estelle* inquiry.

Additionally, the Amended Complaint alleges sufficient facts to state a claim that Defendant Bernhard was deliberately indifferent to Plaintiff's serious medical need. The Amended

Complaint alleges that as early as November 28, 2018, Defendant Bernhard was aware of Plaintiff's severe pain and exposed nerve, which was causing infection. (ECF No. 51 ¶¶ 21-24.) Defendants allege Plaintiff was scheduled for a root canal shortly thereafter and he asked to be sent out to a specialist instead. (ECF No. 54-1 at 7.) The Amended Complaint only states that Plaintiff made a request to see an outside specialist, not that Plaintiff then refused an in-prison root canal. (ECF No. 51 ¶ 25.) Viewing the facts in the light most favorable to Plaintiff, it is not clear to the Court that Plaintiff refused an in-prison root canal at that time.

Plaintiff's original complaint stated that Plaintiff missed appointments on December 26, 2018, and December 28, 2018. (ECF No. 1 ¶ 26.) However, the operative Amended Complaint alleges Plaintiff went approximately three months until he was seen on March 20, 2019. (ECF No. 51 ¶ 27.)

Defendants argue Plaintiff refused a root canal on March 20, 2019. And, while the Amended Complaint does indicate that Plaintiff refused a root canal at that time, it also indicates that Defendant Bernhard told Plaintiff he could not receive the root canal until they treated an abscess that had formed. (*See id.*; *see also* ECF No. 54-1 at 3.) Plaintiff reply brief indicates that he refused a root canal because he was told he could not have one with the abscess. (ECF No. 55 at 13.)

The Amended Complaint submits that there was another four-month delay in treatment until July 2019, at which time Plaintiff was in pain and Defendant Bernhard informed him there was another infection and prescribed a 10-day supply of amoxicillin. (ECF No. 51 ¶ 30.) Plaintiff alleges he then went nearly seven months without treatment, until January 31, 2020, when he was seen again for pain. (*Id.* ¶ 31.) Through February and March, Defendant Bernhard drilled Plaintiff's tooth and placed a temporary filling in the tooth and prescribed medication. (*Id.* ¶¶ 32-

40.) The Amended Complaint states that the COVID-19 pandemic then caused additional delay until the root canal could be completed in November 2020. (*Id.* ¶¶ 41-45.)

Based on the above, the Amended Complaint alleges that Defendant Bernhard was aware of Plaintiff's pain from his fractured tooth and exposed nerve. Defendant Bernhard was aware Plaintiff was experiencing repeated infections. While the Amended Complaint does note that Defendant Bernhard provided Plaintiff with antibiotics, it also alleges there were three-month, four-month, and seven-month periods of time after Defendant Bernhard prescribed antibiotics where there was no follow up with Plaintiff. At this early stage of litigation, it is unclear what caused these large delays in treatment. Accordingly, the Amended Complaint, viewed in the light most favorable to Plaintiff, states a claim against Defendant Bernhard for deliberate indifference to Plaintiff's serious medical needs for a root canal and, therefore, the Motion to Dismiss is denied as to Defendant Bernhard.

Defendant Lopez moves for dismissal of Plaintiff's Eighth Amendment claim against him, arguing that Plaintiff fails plead sufficient facts against Defendant Lopez to show deliberate indifference. (ECF No. 54-1 at 12-13.) According to the facts alleged in the Amended Complaint, Defendant Lopez did not see Plaintiff until February 24, 2020, at which point he performed a radiograph of Plaintiff's mouth and prescribed an antibiotic. (ECF No. 51 ¶ 39.) Plaintiff was then seen eight days later, on March 4, 2020, when the tooth was drilled, and temporary filling was placed in the tooth. (*Id.* ¶ 40.) The Amended Complaint fails to allege facts to show Defendant Lopez was aware of Plaintiff's tooth pain and exposed nerve during the above discussed long periods of delay in treatment.  Plaintiff has not presented facts to show Defendant Lopez was aware of Plaintiff's need for medical treatment and was deliberately indifferent to that need. Therefore,

the Amended Complaint fails to allege facts sufficient to state an Eighth Amendment claim against Defendant Lopez and the Motion to Dismiss is granted as it concerns Defendant Lopez.

## IV.  CONCLUSION

For the reasons expressed above, Defendants Bernhard and Lopez's Motion to Dismiss is **GRANTED in part and DENIED in part**. (ECF No. 54.) Defendants' Motion to Dismiss is granted as to Defendant Lopez and the Amended Complaint is dismissed without prejudice as to Defendant Lopez only. The Motion to Dismiss is denied as to Plaintiff's Eighth Amendment failure to provide medical treatment claim against Defendant Bernhard. An appropriate order follows.

Dated: January 23, 2023

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**